IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR-14-02-BMM |
| Plaintiff, | |
| vs. | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| JAY HARDWOOD OLD CHIEF, | |
| Defendant. | |

## I. Synopsis

The United States accused Mr. Old Chief of violating his conditions of supervised release by (1) using methamphetamine, (2) failing to report to his probation officer, (3) failing to report for outpatient substance abuse treatment, (4) failing to report for substance abuse testing, and (5) walking out of inpatient substance abuse treatment. Mr. Hardwood admitted to the violations. His supervised release should be revoked, and he should be sentenced to four months in custody and thirty-two months of supervised release to follow to include two months of inpatient drug treatment and six months at a Residential Reentry Center

## II. Status

On June 10, 2014, Mr. Old Chief pleaded guilty to Assault Resulting in Serious Bodily Injury and Sexual Abuse. On September 19, 2014, United States District Court Judge Brian Morris sentenced Mr. Old Chief to twenty-eight months on both counts, to run concurrently, followed by thirty-six months of supervised release on each count, also to run concurrently. (Doc. 61.)

On May 18, 2016, the United States Probation Office (USPO) filed a Report of Offender Under Supervision addressing Mr. Old Chief's use of Suboxone. (Doc. 65.) The Court allowed Mr. Old Chief to continue his supervised release. On July 7, 2016, the USPO filed a second Report of Offender Under Supervision addressing Mr. Old Chief's continued use of Suboxone. (Doc. 66.) The Court again allowed Mr. Old Chief to continue his supervised release. On July 14, 2016, the USPO filed Petition for Warrant for Offender Under Supervision relating to Mr. Old Chief's use of methamphetamine, failure to attend treatment and testing, failure to report, and failure to maintain employment. (Doc. 67.) The Court dismissed the petition and allowed Mr. Old Chief to continue his supervision. On September 22, 2016, the USPO filed a third Report of Offender Under Supervision detailing Mr. Old Chief's use of methamphetamine. (Doc. 75.) The Court allowed Mr. Old Chief to continue his supervision. On September 26, 2016, the USPO filed a fourth Report of Offender Under Supervision addressing Mr. Old Chief's failure

to make payments towards his Special Assessment. (Doc. 76.) The Court allowed Mr. Old Chief to continue his supervised release.

**Petition**

On October 31, 2016, the United States Probation Office filed a petition asking the Court to revoke Mr. Old Chief's supervised release. (Doc. 79.) The Probation Office accused Mr. Old Chief of violating his conditions of supervised release by (1) using methamphetamine, (2) failing to report to his probation officer, (3) failing to report for outpatient substance abuse treatment, (4) failing to report for substance abuse testing, and (5) walking out of inpatient substance abuse treatment. (*Id*.) Based on the petition, Judge Morris issued a warrant for Mr. Old Chief's arrest. (Doc. 80.)

**Initial appearance**

On November 8, 2016, Mr. Old Chief appeared before the undersigned in Great Falls, Montana, for an initial appearance. Federal Defender Evangelo Arvanetes accompanied him at the initial appearance. Assistant United States Attorney Jeffery Starnes represented the United States.

Mr. Old Chief said he had read the petition and understood the allegations. He waived the preliminary hearing, and the parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

Mr. Old Chief admitted that he violated the conditions of his supervised release. The violations are serious and warrant revocation of his supervised release.

Mr. Old Chief's violation grade is Grade C, his criminal history category is I, Count I of his underlying offenses is a Class C felony, and Count II is a Class D felony. He could be incarcerated for up to twenty-four months on each count. He could be ordered to remain on supervised release for thirty-six months, less any custody time imposed, for each count. The United States Sentencing Guidelines call for three to nine months in custody.

Mr. Arvanetes acknowledged that these are serious breaches of the Court's trust and requested a sentence of four months in custody, with supervised release to follow. Mr Arvanetes also recommended that Mr. Old Chief's supervised release include two months of in-patient treatment and six months at a Residential Reentry Center. Mr. Starnes agreed with Mr. Arvanetes' recommendation. Mr. Old Chief exercised his right of allocution stating that it is hard to avoid methamphetamine of the reservation and that he wants to quit using drugs, attend long-term treatment, and to be able to see his kids again.

### III. Analysis

Mr. Old Chief's supervised release should be revoked because he admitted violating its conditions. Mr. Old Chief should be sentenced to four months in

custody and thirty-two months of supervised release to follow. His supervised release should include two months of in-patient treatment and six months at a Residential Reentry Center. This sentence would be sufficient given the serious violation of the Court's trust, but it would not be greater than necessary.

IV. Conclusion

Mr. Old Chief was advised that the above sentence would be recommended to Judge Morris. The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned explained that Judge Morris would consider Mr. Old Cheif's objection, if it is filed within the allotted time, before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

>Jay Harwood Old Chief violated the conditions of his supervised release by (1) using methamphetamine, (2) failing to report to his probation officer, (3) failing to report for outpatient substance abuse treatment, (4) failing to report for substance abuse testing, and (5) walking out of inpatient substance abuse treatment.

The Court **RECOMMENDS:**

>The district court should enter the attached Judgment, revoking Mr. Old Chief's supervised release and committing him to the custody of the United States Bureau of Prisons for four months with thirty-two months of supervised release to follow. His supervised

release should include two months of in-patient treatment and six months at a Residential Reentry Center.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 21st day of November 2016.

John Johnston
United States Magistrate Judge