# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> JAY HARWOOD OLD CHIEF, <br><br> Defendant. | CR-14-02-GF-BMM <br><br> **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |

## I. Synopsis

The United States accused Jay Harwood Old Chief of violating his conditions of supervised release by (1) failing to attend substance abuse testing, and (2) failing to attend substance abuse treatment. Mr. Old Chief admitted to the violations. His supervised release should be revoked, and he should be sentenced to eight months in custody and twenty months of supervised release to follow.

## II. Status

On June 10, 2014, Mr. Old Chief pleaded guilty to Assault Resulting in Serious Bodily Injury and Sexual Abuse. On September 19, 2014, United States District Court Judge Brian Morris sentenced Mr. Old Chief to twenty-eight months on both counts, to run concurrently, followed by thirty-six months of supervised release on each count, also to run concurrently. (Doc. 61).

On May 18, 2016, the United States Probation Office filed a Report of Offender Under Supervision addressing Mr. Old Chief's use of Suboxone. (Doc. 65). The Court allowed Mr. Old Chief to continue his supervised release. On July 7, 2016, the United States Probation Office filed a second Report of Offender Under Supervision addressing Mr. Old Chief's continued use of Suboxone. (Doc. 66). The Court again allowed Mr. Old Chief to continue his supervised release.

On July 14, 2016, the United States Probation Office filed Petition for Warrant for Offender Under Supervision relating to Mr. Old Chief's use of methamphetamine, failure to attend treatment and testing, failure to report, and failure to maintain employment. (Doc. 67). The Court dismissed the petition and allowed Mr. Old Chief to continue his supervision.

On September 22, 2016, the United States Probation Office filed a third Report of Offender Under Supervision detailing Mr. Old Chief's use of methamphetamine. (Doc. 75). The Court allowed Mr. Old Chief to continue his supervision.

On September 26, 2016, the United States Probation Office filed a fourth Report of Offender Under Supervision addressing Mr. Old Chief's failure to make payments towards his Special Assessment. (Doc. 76). The Court allowed Mr. Old Chief to continue his supervised release.

On October 31, 2016, the United States Probation Office filed a petition

asking the Court to revoke Mr. Old Chief's supervised release, accusing Mr. Old Chief of using methamphetamine, failing to report to his probation officer, failing to report for outpatient substance abuse treatment and substance abuse testing, and walking out of inpatient substance abuse treatment. (Doc. 79). Mr. Old Chief was sentenced to four months of custody, followed by thirty-two months of supervised release. (Doc. 90). He began his term of supervised release on January 17, 2017.

On February 17, 2017, the United States Probation Office filed a petition asking the Court to revoke Mr. Old Chief's supervised release, accusing Mr. Old Chief of failing to report for testing or treatment and absconding from treatment. (Doc. 92). On June 20, 2017, he was sentenced to time served, followed by twenty-eight months of supervised release. (Doc. 102). Mr. Old Chief began his term of supervised release on June 20, 2017, and was released to the Connections Corrections program in Warm Springs, Montana, where he completed the program on August 19, 2017.

On September 19, 2017, the United States Probation Office filed a Report of Offender Under Supervision addressing Mr. Old Chief's continued use of Suboxone and methamphetamine, as well as his failure to attend substance abuse treatment. (Doc. 104). The Court allowed Mr. Old Chief to continue his supervised release to address his substance use with the treatment vendor.

**Petition**

On October 4, 2017, the United States Probation Office filed a Petition for Warrant or Summons asking the Court to revoke Mr. Old Chief's supervised release. (Doc. 105). The Petition alleged that on September 15, 2017, Mr. Old Chief failed to attend substance abuse testing and was marked as a No-Show. The Petition further alleged Mr. Old Chief failed to attend substance abuse treatment on September 20, 2017, and again on September 27, 2017, and was marked as a No-Show both times. (*Id.*) Based on the Petition, Judge Morris issued a warrant for Mr. Old Chief's arrest. (Doc. 106).

**Initial appearance**

On November 6, 2017, Mr. Old Chief appeared before the undersigned in Great Falls, Montana, for an initial appearance. Federal Defender Evangelo Arvanetes accompanied him at the initial appearance. Assistant United States Attorney Jared Cobell represented the United States.

Mr. Old Chief said he had read the petition and understood the allegations. He waived the preliminary hearing, and the parties consented to the undersigned adjudicating the revocation hearing. The revocation hearing was continued until November 15, 2017.

**Revocation hearing**

The Court held the revocation hearing on November 15, 2017, with Federal Defender Tony Gallagher representing Mr. Old Chief and Mr. Ryan Weldon

representing the United States. Mr. Old Chief admitted that he violated the conditions of his supervised release. The violations are serious and warrant revocation of his supervised release.

Mr. Old Chief's violation grade is Grade C, his criminal history category is I, Count I of his underlying offenses is a Class C felony, and Count II is a Class D felony. He could be incarcerated for up to twenty-four months on each count. He could be ordered to remain on supervised release for twenty-eight months, less any custody time imposed, for each count. The United States Sentencing Guidelines call for three to nine months in custody.

Mr. Old Chief exercised his right of allocution stating that he wants to seek counseling after his release and acknowledged he has a drug addiction. Mr. Gallagher requested a guideline sentence. Mr. Weldon agreed with a guideline sentence, recommending a sentence at the higher end of the guideline.

### III. Analysis

Mr. Old Chief's supervised release should be revoked because he admitted violating its conditions. Mr. Old Chief should be sentenced to eight months in custody and twenty months of supervised release to follow. This sentence would be sufficient given the serious violation of the Court's trust, but it would not be greater than necessary.

### IV. Conclusion

Mr. Old Chief was advised that the above sentence would be recommended to Judge Morris. The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned explained that Judge Morris would consider Mr. Old Chief's objection, if it is filed within the allotted time, before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> Jay Harwood Old Chief violated the conditions of his supervised release by (1) failing to attend substance abuse testing on September 15, 2017, and (2) failing to attend substance abuse treatment on September 20, 2017, and September 27, 2017.

The Court **RECOMMENDS:**

> The district court should enter the attached Judgment, revoking Mr. Old Chief's supervised release and committing him to the custody of the United States Bureau of Prisons for eight months with twenty months of supervised release to follow.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to

which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

    Dated the 16th day of November, 2017.

_____
John Johnston
United States Magistrate Judge