IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> JAY HARWOOD OLD CHIEF, <br><br> Defendant. | CR 14-02-GF-BMM-JTJ <br><br> **FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Jay Harwood Old Chief (Old Chief) has been accused of violating the conditions of his supervised release. Old Chief has admitted all of the alleged violations. Old Chief's supervised release should be revoked. Old Chief should be placed in custody for 6 months, with no supervised release to follow.

## II. Status

Old Chief pleaded guilty on June 10, 2014, to Assault Resulting in Serious Bodily Injury, and to Making a False Statement to a Federal Officer. (Doc. 55). The Court sentenced Old Chief to 28 months of custody, followed by 3 years of supervised release. (Doc. 61). Old Chief's current term of supervised release began on June 22, 2018. (Doc. 117 at 2).

**Petition**

The United States Probation Office filed a Petition requesting that the Court revoke Old Chief's supervised release on July 31, 2018. (Doc. 117). The Petition alleged that Old Chief had violated the conditions of his supervised release: 1) by possessing methamphetamine; 2) by using methamphetamine; and 3) by failing to report to his probation officer as directed. United States District Brian M. Morris issued a warrant for Old Chief's arrest on July 31, 2019. (Doc. 118).

**Initial appearance**

Old Chief appeared before the undersigned for his initial appearance on February 14, 2019. Old Chief was represented by counsel. Old Chief stated that he had read the petition and that he understood the allegations. Old Chief waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on February 14, 2019. Old Chief admitted that he had violated the conditions of his supervised release: 1) by possessing methamphetamine; 2) by using methamphetamine; and 3) by failing to report to his probation officer as directed. The violations are serious and warrant revocation of Old Chief's supervised release.

Old Chief's violations are Grade C violations. Old Chief's criminal history category is I. Old Chief's underlying offenses are Class C felonies. Old Chief could be incarcerated for up to 24 months. He could be ordered to remain on supervised release for up to 20 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III.   Analysis

Old Chief's supervised release should be revoked. Old Chief should be incarcerated for 6 months, with no supervised release to follow. This sentence is sufficient but not greater than necessary.

### IV.   Conclusion

The Court informed Old Chief that the above sentence would be recommended to Judge Morris. The Court also informed Old Chief of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Old Chief that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Old Chief stated that he wished to waive his right to object to these Findings and Recommendations, and that he wished to waive his right to allocute before a United States district court judge.

The Court **FINDS:**

> That Jay Harwood Old Chief violated the conditions of his supervised release by possessing methamphetamine, by using methamphetamine, and by failing to report to his probation officer as directed.

The Court **RECOMMENDS:**

> That the District Court revoke Old Chief's supervised release and commit Old Chief to the custody of the United States Bureau of Prisons for a term of 6 months, with no supervised release to follow.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a

district court judge.

DATED this 19th day of February, 2019.

John Johnston
United States Magistrate Judge